**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0096-20

ALEXANDREA REZNIK,

    Plaintiff-Appellant,

v.

EDUARD REZNIK,

    Defendant-Respondent.

_____

Submitted December 2, 2021 – Decided December 13, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0506-19.

Herbert & Weiss, LLP, attorneys for appellant (Helene C. Herbert, on the briefs).

Shapiro, Croland, Reiser, Apfel & DiLorio, LLP, attorneys for respondent (Megan Hodes, on the brief).

PER CURIAM

Plaintiff Alexandrea Reznik appeals from a May 14, 2020 order granting defendant Eduard Reznik's motion enforcing the parties' Marital Settlement Agreement (MSA). She also challenges a July 27, 2020 order denying her motion for reconsideration. We affirm in part and remand in part.

In August 2019, the parties signed the MSA, which required plaintiff to pay defendant $8,000 for his one-half interest in their vehicle, and $6,000 for funds she withdrew pendente lite from the parties' bank account. The MSA also memorialized the fact defendant incurred a $4,243 increased tax liability as a result of plaintiff filing a separate tax return and required plaintiff to execute a joint 2018 tax return. Once the parties filed the joint return, defendant would indemnify plaintiff against any tax liability.

The MSA addressed support for the parties' child but did not contain their incomes or the amount because they were unable agree on those points. However, the MSA stated: the parties would utilize the child support guidelines to calculate support; acknowledged the child would be enrolled in fulltime daycare at a cost of $1,499 per month; that a work-related childcare figure of $18,000 per year would be included in the guideline calculation; and that child support would be modified once defendant began exercising overnight parenting time. It also stated defendant would resume paying child support on September

A-0096-20

1, 2019, because child support prior to that date was offset by plaintiff's $14,000 debt to defendant.

The MSA also addressed counsel fees and noted plaintiff owed defendant $527 associated with fees incurred when neither plaintiff nor her counsel appeared for an intensive settlement conference. The parties also agreed if either of them had to file a motion to enforce the MSA, the defaulting party would pay the prevailing party's counsel fees.

In October 2019, the parties entered a consent order granting defendant one overnight of parenting time per week at his New York City residence until November 20, 2019. The parties agreed parenting time would increase to two overnights per week thereafter.

In March 2020, defendant filed a motion to establish a parenting schedule, including allocating driving responsibility between the parties, and set child support. The motion also sought enforcement of the MSA, by requiring plaintiff to pay him $4,243 for failing to amend her 2018 tax return and pay the $527 in past due counsel fees. Defendant also sought fees for the motion.

Plaintiff cross-moved for enforcement, arguing defendant failed to contribute to the daycare expenses. Her certification attached a daycare statement showing a cost of $346 per week, less an employee discount of $51.90.

A-0096-20

She also requested the parties communicate through Our Family Wizard (OFW), recalculate child support retroactive to September 1, 2019, and make it payable through probation.

In her opposition, plaintiff claimed she "offered to pay [defendant] what [she] could and he flat out refused." She also claimed she was financially unable to pay the $527 owed in counsel fees but could afford to pay twenty-five dollars per month. Regarding the 2018 tax return, she claimed she amended her tax return, returned her refund, signed the second amended tax return, and sent it to her attorney. Plaintiff argued she should not have to bear the financial burden of driving to New York City because it was defendant's choice to move.

Defendant's reply certification noted the parties' agreement to offset his child support obligation by the debt plaintiff owed him. In opposition to the cross-motion, he argued the request to use OFW should be denied because the parties could not afford it. Defendant's counsel filed a certification of services noting the fees associated with the motion totaled $8,987.50.

At oral argument, plaintiff's counsel conceded plaintiff still owed $527 in counsel fees to defendant. Counsel also conceded child support was to be offset by funds plaintiff owed defendant, and that plaintiff had not paid the debt. The judge adjourned the case to afford the parties an opportunity to settle but they

4

could not resolve the parenting time and transportation, the income and daycare expense to calculate child support, and the tax liability.

The matter was re-argued. Plaintiff's counsel asserted her client amended her tax return and signed the joint return, which plaintiff forwarded to her former counsel, but the attorney did not forward the return to defendant's counsel. Defendant's counsel argued she also emailed the amended returns to plaintiff's current counsel, but plaintiff's counsel maintained she never received the email. Defendant's counsel pointed out plaintiff had ten months to provide defendant with her amended return, failed to do so, and should pay the tax liability incurred as a result. After oral argument, the motion judge requested defendant's counsel forward the email between counsel regarding the tax return. Plaintiff's counsel objected because the email contained settlement discussions. The judge stated he would not look at the settlement proposals and only focus on the tax returns.

On May 14, 2020, the judge entered an order adjudicating custody and parenting time. He ordered plaintiff to transport the child to and from defendant's New York residence one weekend per month and ordered the parties to meet at a mutually agreeable location in Fort Lee to exchange the child for the following two consecutive weekends of defendant's parenting time.

A-0096-20

The judge ordered defendant to pay $206 per week in child support pursuant to the guidelines effective June 1, 2020. Based on the evidence submitted, the judge concluded the parties had an equal earning capacity of $40,000 per year. The judge found the evidence did not support the $18,000 figure for work-related childcare set forth in the MSA, and the amount was "significantly less as plaintiff receives an employee discount for the childcare." The judge also noted the childcare expense would be less because "defendant will be exercising holiday and summer parenting time with the child . . . ."

The judge found plaintiff in violation of the MSA because she failed to pay defendant the $14,000 and the $527 in counsel fees. He also found plaintiff owed defendant $4,243 because she caused his tax liability to increase by failing to amend her tax returns as required by the MSA. The judge offset plaintiff's debt against the child support obligation from June 1, 2019, through May 31, 2020, leaving plaintiff a balance of $7,234, which he ordered plaintiff to pay at a rate of $275 per month beginning June 1, 2020.

The judge awarded defendant counsel fees. Analyzing the Rule 5:3-5(c) factors, he found the parties' financial circumstances and ability to pay were "on par with each other." He further found while plaintiff violated the terms of the MSA, both parties had reasonable arguments in contesting parenting time, which

6

required the court's intervention. However, he concluded "[o]n balance . . . it is reasonable, equitable, and just that defendant shall be entitled to an attorney fee award of $2,750[]."

Plaintiff moved for reconsideration. She argued the judge should not have found her in violation of the MSA. She repeated her arguments regarding the parenting time issues and asserted the child support calculation was wrong because the court should have required an updated Case Information Statement (CIS) from defendant because his total income was unknown. She argued the judge was required to use the agreed upon $18,000 figure for daycare costs in the child support calculation. She asserted child support should have been retroactive to September 1, 2019, and payable through probation.

Plaintiff argued she did not have the financial ability to pay defendant counsel fees or $275 per month. She asserted she should not have to pay his tax liability because the parties had three years to file an amended return. She claimed the judge should not have considered counsel's email regarding the tax filing because they contained settlement discussions.

Defendant opposed plaintiff's motion and provided the court with an updated CIS showing his sole source of income was a $40,154 stipend. He also provided an investment account statement showing a balance of $0.72.

7

At oral argument, plaintiff's counsel advised plaintiff arranged to pay the $527 outstanding counsel fees and signed the amended joint returns. Counsel argued the payment of child support through probation and utilizing OFW were not addressed in the prior proceedings. In response, defendant's counsel argued OFW was an unnecessary expense and would be another communication method for plaintiff to ignore. Counsel argued there was good cause to continue direct child support payments because defendant had not missed any payments.

The judge denied the motion concluding plaintiff had not met her burden of proof to warrant reconsideration. The judge found OFW was unnecessary because it was an additional expense the parties could not bear on a limited income. He also concluded there was good cause to permit child support payments outside of probation.

On appeal, plaintiff challenges the child support award arguing defendant did not disclose all sources of his income and assets and the judge ignored the childcare expense figure in the MSA. She asserts the judge also ignored the MSA's terms regarding the tax liability by assigning the liability to her and improperly considered an email containing the parties' settlement discussions. Citing <u>Acorn v. Fair</u>,[1] she argues the judge lacked good cause to deny her request

---

[1] 208 N.J. Super. 521 (App. Div. 1986).

A-0096-20

for payment through probation. She also argues the judge improperly offset defendant's obligation by not awarding child support retroactively. She contends the failure to order the use of OFW, require defendant to contribute to the transportation for all his parenting time, and the counsel fee award constituted an abuse of discretion.

## I.

"We review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We interfere "[o]nly when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark'" to "ensure that there is not a denial of justice." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007)). Likewise, we review the denial of a motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). However, "we owe no deference to the [trial] judge's decision on an issue of law or the legal consequences that flow from established facts." Dever v. Howell, 456 N.J. Super. 300, 309 (App. Div.

A-0096-20

2018) (citing <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)).

II.

We reject plaintiff's arguments challenging the calculation and payment of child support and affirm substantially for the reasons expressed by the motion judge. We add the following comments.

"The trial court has substantial discretion in making a child support award." <u>Foust v. Glaser</u>, 340 N.J. Super. 312, 315 (App. Div. 2001) (citing <u>Pascale v. Pascale</u>, 140 N.J. 583, 594 (1995)). "If consistent with the law, such an award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." <u>Id.</u> at 315-16 (quoting <u>Raynor v. Raynor</u>, 319 N.J. Super. 591, 605 (App. Div. 1999)) (internal quotations omitted).

Having thoroughly reviewed the record, we are convinced it does not support plaintiff's claim child support was calculated without full financial disclosures. The judge had the parties' income information, tax returns, bank and investment account statements, and defendant's CIS. Furthermore, the income utilized for the guideline calculation was derived from plaintiff's paystub and confirmed by her attorney, and defendant's income was based on the stipend,

his sole source of income. Plaintiff has not pointed us to any evidence defendant either withheld or misrepresented.

The judge did not err in eschewing the daycare expense in the MSA and utilizing the actual daycare expense incurred. The guidelines state: "The net cost (after tax credits) of work-related child care should be added to the basic obligation if incurred." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, www.gann.law.com (2021) (emphasis added). This argument lacks merit. R. 2:11-3(e)(1)(E).

We reject plaintiff's argument the judge erred by adding her outstanding obligations to the offset against child support, resulting in child support becoming payable on June 1, 2020, as opposed to the September 1, 2019 start date in the MSA. Contrary to plaintiff's arguments, the offset was permissible because the parties agreed to it in the MSA. Given plaintiff's failure to pay defendant the sums owed and timely file the joint returns, thereby causing a liability, the judge's addition of these amounts to the child support offset was not an abuse of discretion. See In re Rogiers, 396 N.J. Super. 317, 327 (App. Div. 2007) (holding enforcement and collection of support arrears is left to the sound discretion of the court).

A-0096-20

Plaintiff's reliance on Acorn is misplaced. There, the defendant sought to compel the plaintiff to make child support payments through probation pursuant to Rule 5:7-4. 208 N.J. Super. at 523. The Rule provides "child support payments not presently administered by the Probation Division shall be so made on application of either party to the court unless the other party, on application to the court, shows good cause to the contrary." R. 5:7-4. We were persuaded by the defendant's argument that the plaintiff's compliance with the support order was not good cause to deny payment through probation. Id. at 523. We held the Rule "intend[ed] that all . . . support payments be made through the probation office upon the payee's request unless exceptional circumstances exist, beyond the fact that the payor has substantially complied with the obligation, which would justify direct payment to the payee." Id. at 524.

Here, although the judge noted he was denying payment through probation because defendant had a history of timely child support payments, he also noted "there is a cross-payment that the plaintiff must make to defendant until she satisfies her obligation . . . ." The facts differ from Acorn, which did not include previously agreed upon and court-ordered offsets against child support. For these reasons, we discern no abuse of discretion in the good cause finding.

12

Plaintiff's remaining arguments on appeal lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

III.

Finally, in our review of the judge's May 14 order in which he concluded defendant owed plaintiff $7,234 as of June 1, 2019, we note he arrived at the figure by adding the $14,000, $4,243, and $527, less the $11,536 representing child support for June 1, 2009 through May 31, 2020, calculated as "[fifty-two] weeks x $206." However, the child support calculation yields a total of $10,712. For these reasons, we remand for entry of an order correcting the sum set forth in paragraph eight of the May 14 order to $8,058 ($14,000 + $4,243 + $527 - $10,712 = $8,058).

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0096-20